# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| | Case Nos. |
| | |
| | 3:25-cv-00196-RRB |
| | 3:25-cv-00201-RRB |
| | 3:25-cv-00202-RRB |
| | 3:25-cv-00203-RRB |
| | 3:25-cv-00204-RRB |
| | 3:25-cv-00205-RRB |
| | 3:25-cv-00206-RRB |
| | 3:25-cv-00207-RRB |
| TAMISHA LEWIS-JUNGE, | 3:25-cv-00208-RRB |
| | 3:25-cv-00210-RRB |
| Plaintiff, | 3:25-cv-00211-RRB |
| | 3:25-cv-00212-RRB |
| vs. | 3:25-cv-00213-RRB |
| | 3:25-cv-00215-RRB |
| NESBETT COURTHOUSE, *et al.*, | 3:25-cv-00217-RRB |
| | 3:25-cv-00218-RRB |
| Defendants, | 3:25-cv-00220-RRB |
| | 3:25-cv-00221-RRB |
| | 3:25-cv-00222-RRB |
| | 3:25-cv-00223-RRB |
| | 3:25-cv-00224-RRB |
| | 3:25-cv-00228-RRB |
| | 3:25-cv-00229-RRB |
| | 3:25-cv-00232-RRB |
| | 3:25-cv-00233-RRB |
| | 3:25-cv-00234-RRB |
| | 3:25-cv-00235-RRB |
| | 3:25-cv-00236-RRB |
| | 3:25-cv-00240-RRB |
| | 3:25-cv-00241-RRB |
| | 3:25-cv-00242-RRB |
| | 3:25-cv-00243-RRB |
| | 3:25-cv-00244-RRB |
| | 3:25-cv-00245-RRB |
| | 3:25-cv-00246-RRB |
| | 3:25-cv-00247-RRB |
| | 3:25-cv-00248-RRB |

3:25-cv-00251-RRB
3:25-cv-00252-RRB
3:25-cv-00266-RRB
3:25-cv-00267-RRB
3:25-cv-00268-RRB
3:25-cv-00271-RRB
3:25-cv-00272-RRB
3:25-cv-00273-RRB
3:25-cv-00274-RRB
3:25-cv-00275-RRB
3:25-cv-00277-RRB
3:25-cv-00278-RRB
3:25-cv-00279-RRB
3:25-cv-00280-RRB
3:25-cv-00281-RRB
3:25-cv-00283-RRB
3:25-cv-00286-RRB
3:25-cv-00287-RRB
3:25-cv-00290-RRB
3:25-cv-00291-RRB
3:25-cv-00300-RRB
3:25-cv-00301-RRB
3:25-cv-00308-RRB
3:25-cv-00309-RRB
3:25-cv-00324-RRB
3:25-cv-00325-RRB

**ORDER OF DISMISSAL**
**UPON SCREENING**

## I.   INTRODUCTION

Pending before the Court are the 63 above-captioned cases filed by self-represented litigant Tamisha Lewis-Junge ("Plaintiff") between September 9, 2025, and November 14, 2025.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and various state

laws. The Court takes judicial notice[1] that Plaintiff also has filed numerous civil complaints in Alaska Superior Court naming many of the same defendants.[2] Pursuant to the Standing Orders previously issued in each federal case, the Court now screens Plaintiff's cases collectively pursuant to 28 U.S.C. §§ 1915(e). For the reasons discussed in this order, Plaintiff's Complaints fail to adequately state any claims for which relief may be granted. As explained below, most of Plaintiff's claims cannot be redressed under § 1983, either because the named defendant is not a "person acting under color of state law" or because Plaintiff has not alleged a violation of either a right guaranteed by the U.S. Constitution or an enforceable right created by a federal statute.

Therefore, the Complaint in each of the above-captioned cases is DISMISSED. With the exception of case numbers **3:25-cv-00201-RRB, 3:25-cv-00202-RRB, and 3:25-cv-00210-RRB**, the Complaints are DISMISSED WITH PREJUDICE. Subject to the guidance in this Order, Plaintiff shall be permitted to file Amended Complaints in any or all of the 3 case numbers indicated. Any amended complaint(s) must allege **a specific injury** as a result of **the conduct of a particular defendant,** and it must allege an **affirmative link** between that specific injury and the conduct of that defendant.

---

[1] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (12th ed. 2024); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[2] Publicly available records of the Alaska Trial Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

*Lewis-Junge v. Nesbitt, et al.*
Order of Dismissal                                                                                   Page 3 of 32
Case 3:25-cv-00221-RRB      Document 6      Filed 12/05/25      Page 3 of 32

Alternatively, Plaintiff may file a notice of voluntarily dismissal in each case which she elects to close.

## II. APPLICABLE LAW

### A. Screening Standard

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[3] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i)  is frivolous or malicious;
>
> (ii)  fails to state a claim on which relief may be granted; or
>
> (iii)  seeks monetary relief against a defendant who is immune from such relief.[4]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[5] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[6] Although generally the scope of review is limited to the contents of

---

[3] 28 U.S.C. § 1915. *See also Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]"); *Denton v. Hernandez,* 504 U.S. 25, 30 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits").

[4] 28 U.S.C. § 1915(e)(2)(B).

[5] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[6] *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009).

the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[7] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[8] Moreover, even if a compliant meets the pleading requirements, dismissal is still appropriate if an affirmative defense, such as untimeliness, is an "obvious bar to securing relief on the face of the complaint."[9]

Before a court may dismiss any portion of a complaint, it must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[10] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[11]

## B. Requirements to State a Claim

A federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[12] and it is not a court's responsibility to

---

[7] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[8] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[9] *Washington v. Los Angeles Cnty. Sheriff's Dep't.*, 833 F.3d 1048, 1056 (9th Cir. 2016).

[10] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[11] *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[12] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

*Lewis-Junge v. Nesbitt, et al.*
Order of Dismissal                                                                     Page 5 of 32
Case 3:25-cv-00221-RRB    Document 6    Filed 12/05/25    Page 5 of 32

sift through disorganized or incoherent material to construct claims on a litigant's behalf.[13] It is a plaintiff's responsibility to gather and plead the necessary facts to support her claims.

### 1. Generally

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[14] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[15] A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the screening court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16]

A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant. A supervisor can be held liable in his or her individual capacity under § 1983 only if (1) the supervisor personally participated in the constitutional violation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[17] And "there can be no

---

[13] *Indep. Towers of Washington v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003) (quoting the now familiar maxim, "[j]udges are not like pigs, hunting for truffles buried in briefs.").

[14] Fed. R. Civ. P. 8(a)(2).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[16] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

[17] *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotation omitted).

such supervisorial liability in the absence of an underlying constitutional violation" by a subordinate.[18]

Further, multiple defendants may be joined in a single action only when the claims asserted against the defendants arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Unrelated claims against different defendants must be filed in separate lawsuits.

## 2. Civil Rights claims under 42 U.S.C. § 1983 ("Section 1983")

Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[19] To state a claim for relief under § 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[20] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[21] To be deprived of a right, the defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[22]

---

[18] *Puente v. City of Phoenix,* 123 F.4th 1035, 1064 (9th Cir. 2024).

[19] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[20] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[21] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[22] *Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002). *See also Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166 (2023); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[23] A complaint must give each defendant fair notice of the plaintiff's claim against that specific defendant and the grounds upon which it rests."[24] "[A] liberal interpretation of a pro se civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient[.]"[25]

## III. DISCUSSION

Plaintiff's Complaints allege that various individuals and entities have violated her constitutional rights, and she collectively names more than 70 Defendants. Although the Court has tried to decipher the Complaints, they repeat factual allegations involving alleged kidnapping and harassment by someone "using technology" (such as "deep fake audio" and "nanotech") as well as "hypnosis" and "camouflage" to make up a "delusional investigation." Plaintiff alleges that various entities and individuals have: attacked her in high school, made false police reports, impersonated her, forced her to go to doctors' offices, withheld her Permanent Fund Dividend, hidden in her house, "watched over her shoulder," "emptied her bank account," "tricked her family members into giving

---

[23] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).
[24] *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512 (2002).
[25] *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014).

*Lewis-Junge v. Nesbitt, et al.*
Order of Dismissal
Page 8 of 32
Case 3:25-cv-00221-RRB    Document 6    Filed 12/05/25    Page 8 of 32

them money," separated her from her newborn, held her hostage, accused her of being a terrorist, and forced her into marriage. She also alleges rape, attempted murder, stalking, sexual harassment, malpractice, and interference with her education, work, and travel. The cases repeatedly allege violations of rights such as "cruel and unusual punishment," and "freedom of speech," and Plaintiff names several Defendants in multiple cases.[26] Despite the volume of Plaintiff's filings, she has not provided sufficient facts presented in a clear or organized manner to allow the Court to consider her claims. She has not provided enough facts describing the who, where, and how of the alleged incidents or the dates of any alleged incidents. Moreover, as explained below, the majority of the Defendants named are not subject to suit under § 1983. And to the extent that Plaintiff has identified Defendants who could be subject to suit under § 1983, she has failed to allege actionable claims. Finally, some of Plaintiff's claims are likely barred by the Statute of Limitations.

## A.    Improper Defendants

A defendant in a civil rights lawsuit **must be a "person" acting under color of state law.**[27] To act under color of state law**,** a complaint must allege that the defendant acted with state authority as a state actor.[28] The "color of law" or "state actor" requirement is "a jurisdictional requisite for a Section 1983 action."[29] A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the

---

[26] For example, the U.S. Air Force is named as a defendant in over 45 cases.

[27] 42 U.S.C. § 1983.

[28] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[29] *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001).

*Lewis-Junge v. Nesbitt, et al.*
Order of Dismissal                                                                 Page 9 of 32
Case 3:25-cv-00221-RRB     Document 6     Filed 12/05/25     Page 9 of 32

meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[30] Federal courts must "start with the presumption that private conduct does not constitute governmental action."[31]

Upon review, Plaintiff names entities, rather than individuals, such as NASA, the Alaska State Troopers, the U.S. Air Force, the Anchorage School District, the University of Alaska Anchorage, the Division of Child Support, the Office of Children's Services, the Alaska Court System, the U.S. District Court, Cook Inlet Housing, Cook Inlet Tribal Council, the FBI, and the Anchorage Chamber of Commerce. Plaintiff also names virtually every hospital in the Anchorage area, two courthouse buildings, two detention centers, the Robert Atwood Building, the Pentagon, the Ted Stevens International Airport, a cannabis store, and Fantasies on 5th Strip Club. She also names several non-profit entities, an apartment complex, and dozens of individuals who are not "state actors," including her father, her sister, her ex-husband and his lawyer, and a woman who "claimed to be her mother," as well as individual law enforcement officers, doctors, a caseworker employed by the Office of Children's Services ("OCS"), a probation officer, a foster mother, a state court judge, a Foot Locker employee, and several people she went to high school with. The majority of these named Defendants are not proper defendants in a § 1983 case and must not be named in any amended complaint. Rather, Plaintiff must name

---

[30] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).
[31] *Sutton v. Providence St. Joseph Medical Center*, 192 F. 3d 826, 835 (9th Cir. 1999).

*Lewis-Junge v. Nesbitt, et al.*
Order of Dismissal
Page 10 of 32
Case 3:25-cv-00221-RRB    Document 6    Filed 12/05/25    Page 10 of 32

individual officers or agents as defendants, not departments or organizations, except as explained below.

### 1.    Federal defendants/sovereign immunity

Plaintiff names the **FBI, the U.S. Post Office, NASA, the U.S. Air Force, and JBER Police** as defendants.  Claims against federal agencies or federal agents in an official capacity generally are barred by sovereign immunity.[32]  If sovereign immunity has not been waived, the court must dismiss the case for lack of subject matter jurisdiction.[33] The FBI, NASA, and the U.S. Air Force (including military law enforcement), as federal agencies, are immune from suit absent express authority revoking such immunity.[34]

The Federal Tort Claims Act ("FTCA"), however, allows a plaintiff to bring certain state-law tort suits against the federal government for torts committed by federal employees acting within the scope of their employment.[35]  "The [FTCA] makes the United States liable for money damages 'caused by the negligent or wrongful act or omission of any employee of the Government.'"[36]   However, a plaintiff must first seek an administrative resolution of their claim by filing a claim with the appropriate agency.[37]

---

[32] *Blackburn v. United States,* 100 F.3d 1426, 1429 (9th Cir. 1996) ("An action can be brought by a party against the United States only to the extent that the Federal Government waives its sovereign immunity.").

[33] *See FDIC v. Meyer,* 510 U.S. 471, 475 (1994).  *See also United States v. Sherwood,* 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued . . .").  *See also Gillespie v. Civiletti,* 629 F.2d 637 (1980) (*Bivens* applies only to individual federal officers).

[34] *Gerritsen v. Consulado General De Mexico*, 989 F.2d 340, 343 (1993).

[35] *Brownback v. King*, 592 U.S. 209, 210–11 (2021) (citing 28 U.S.C. §§ 2674 and 1346(b)).

[36] *Logue v. United States*, 412 U.S. 521, 525 (1973).

[37] 28 U.S.C. § 2675(a); *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992); *see also McNeil v. United States,* 508 U.S. 106, 113 (1993) (holding that where a pro se plaintiff filed suit

---

*Lewis-Junge v. Nesbitt, et al.*
Order of Dismissal                                                                                  Page 11 of 32
Case 3:25-cv-00221-RRB     Document 6     Filed 12/05/25     Page 11 of 32

In limited circumstances, a plaintiff also may bring a claim for damages against a federal officer in his or her individual capacity under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971).[38] However, *Bivens* claims are limited to the three contexts that the Supreme Court already has recognized, none of which appear to be applicable here.[39] Outside of these established contexts, courts must dismiss *Bivens* claims unless "special factors" counsel hesitation in creating a new cause of action—a standard the Supreme Court has made essentially insurmountable.[40]

In theory, the **United States Post Office** may be subject to suit under the FTCA in certain circumstances after pursuing the appropriate administrative remedies.[41] Here, however, Plaintiff alleges that "someone" lied to the post office claiming to be related to Plaintiff and collected her mail illegally. There is no cognizable civil rights or tort claim against the Post Office based on the facts alleged by Plaintiff. Accordingly, all claims

---

four months before filing his administrative claim, the Supreme Court unanimously held that "the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies").

[38] *See also Van Strum v. Lawn,* 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.").

[39] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971) (holding that federal narcotics agents could be sued under the Fourth Amendment for conducting an unlawful warrantless search and arrest); *Davis v. Passman,* 442 U.S. 228 (1979) (applying a damages remedy under the Fifth Amendment a claim of sex discrimination against a member of Congress); *Carlson v. Green*, 446 U.S. 14 (1980) (expanding the remedy to allow a federal prisoner's estate to sue federal prison officials for deliberate indifference to serious medical needs under the Eighth Amendment).

[40] *Ziglar v. Abbasi,* 582 U.S. 120 (2017).

[41] *Jost v. U.S. Postal Serv*., 412 F. App'x 957 (9th Cir. 2011) (holding that the loss of mail does not rise to a constitutional violation).

*Lewis-Junge v. Nesbitt, et al.*
Order of Dismissal                                                                                      Page 12 of 32
Case 3:25-cv-00221-RRB     Document 6     Filed 12/05/25     Page 12 of 32

against the **FBI, the U.S. Post Office, NASA, the U.S. Air Force,** and **JBER Police** are dismissed with prejudice.

## 2. Private individuals and businesses

A plaintiff bears the burden of establishing that defendant is a state actor, and there is a presumption that private individuals and entities do not act under the "color of state law" within the meaning of § 1983.[42] The Supreme Court has held that private parties act under color of state law when they perform actions under which the state owes constitutional obligations to those affected.[43]

Plaintiff names three private businesses as defendants. The Supreme Court has repeatedly held that "the mere fact that a business is subject to state regulation does not by itself convert its action into that of the State."[44] "Even extensive government regulation of a private business is insufficient to make that business a state actor if the challenged conduct was 'not compelled or even influenced by any state regulation.'"[45] Plaintiff's allegations that she was not working or living in a safe environment do not render these

---

[42] *Florer v. Congregation Pidyon Shevuyim, N.A.,* 639 F.3d 916, 922 (9th Cir. 2011). *See also Morrison v. Clinic,* 703 F. Supp. 3d 1245, 1251 (D. Mont. 2023) (citing *Briley v. State of Cal.,* 564 F.2d 849, 855–56 (9th Cir. 1977) (noting that "private hospitals and physicians have consistently been dismissed from § 1983 actions for failing to come within the color of state law requirement of this section")).

[43] *West v. Atkins,* 487 U.S. 42 (1988) (holding that a private contract physician rendering treatment services for prisoners at a state prison acted under color of law). *Cf. See Lopez v. Dep't of Health Servs.,* 939 F.2d 881, 883 (9th Cir.1991) (per curiam) (finding state action where hospital "contract [ed] with the state . . . to provide medical services to indigent citizens").

[44] *Caviness v. Horizon Cmty. Learning Ctr., Inc.,* 590 F.3d 806, 816 (9th Cir. 2010) (internal citations omitted).

[45] *Id.* (citing *Morse v. N. Coast Opportunities, Inc.,* 118 F.3d 1338, 1342 (9th Cir.1997) (extensive federal regulation specifying who had responsibility for school's employment decisions insufficient to create state action because the regulations included "no substantive standard" or "procedural guidelines" that could have guided, compelled, or influenced employment decisions)).

*Lewis-Junge v. Nesbitt, et al.*
Order of Dismissal
Page 13 of 32
Case 3:25-cv-00221-RRB    Document 6    Filed 12/05/25    Page 13 of 32

private businesses "state actors" subject to § 1983. Accordingly, all claims against **Fantasies on 5th Strip Club, Great Northern Cannabis,** and **Weidner Apartment Company** are dismissed with prejudice.

Plaintiff also names 24 individuals and four non-profit entities who all appear unaffiliated with any state or federal agency. Plaintiff has presented nothing in her Complaints suggesting any of these individuals or businesses were state actors acting under the color of state law. Accordingly, all claims against **John Lewis, Sr., John Lewis, Jr., Janice Parker, Shirlee Kakaruk, Cyrentha Lawhorne, Lisa Damon, Michel Damon, Emelita Robles Gonzales, Ronalee Nabong (Mason), Kamisha Lewis, Aikela Lewis, Tamika Lewis, Kaylena Jackson (Lewis), Tedioila Jackson, Daniel Madarang, Randy Wilson, Emily Chapman, Katie Haxbey, Nymika Cater, Daryel Payne, Jason Cunanan, Amanda Balmacdea, Paul Olson,** and **Sharleen Olson,** are dismissed with prejudice.

Additionally, all claims against non-profit entities **Cook Inlet Housing, the ARC of Anchorage, Cook Inlet Tribal Council,** and the **Anchorage Chamber of Commerce** also must be dismissed with prejudice.

### 3. Judicial officers

A plaintiff cannot state a claim against a judicial officer "because [a] judge is absolutely immune for judicial acts."[46] This judicial immunity is immunity from lawsuit, not just from ultimate assessment of damages, and it cannot be overcome by allegations of

---

[46] *Simmons v. Sacramento County Superior Court*, 318 F. d 1156, 1161 (9th Cir. 2003).

bad faith or malice.[47]  The Court of Appeals for the Ninth Circuit has held that "when a person who is alleged to have caused a deprivation of constitutional rights while acting under color of federal law can successfully assert judicial or quasi-judicial immunity from damages, that immunity also will bar declaratory and injunctive relief."[48]  Finally, while 28 U.S.C. § 351 provides a mechanism for "any person" to file a written complaint with respect to a judge, this statute applies to federal judges, not state court judges such as Judge Wheels.[49]  Moreover, relief under § 351 is not found through a § 1983 petition. Accordingly, **Judge Wheels** is an improper defendant and all claims against him must be dismissed with prejudice.

### 4.    Buildings

Plaintiff names seven hospitals and clinics in the Anchorage area, two courthouse buildings, an airport, a privately-owned building, and the Pentagon.  A building is not a person or entity subject to liability under § 1983 claims.  The same is true for medical centers and hospitals.[50]  Plaintiff cannot maintain a civil rights claim against a privately-owned hospital or medical center if there is no indication that the hospitals were acting with state authority.

---

[47] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

[48] *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987).

[49] *See* 3:25-cv-00203-RRB.

[50] *See Howlett v. Rose,* 496 U.S. 356, 365 (1990); *Flint v. Dennison,* 488 F.3d 816, 824–25 (9th Cir. 2007).

*Lewis-Junge v. Nesbitt, et al.*
Order of Dismissal                                                                                                    Page 15 of 32
Case 3:25-cv-00221-RRB       Document 6       Filed 12/05/25       Page 15 of 32

The following are not "persons" under § 1983: **Nesbett Courthouse, Boney Courthouse, Robert Atwood Building, the U.S. District Court,**[51] **the Pentagon, the Ted Stevens International Airport, Alaska Psychiatric Institute, Mat Su Regional Hospital, Maxim Healthcare, Providence Hospital, Alaska Regional Hospital,** and **Alaska Neighborhood Health.** Claims against all of the foregoing are dismissed with prejudice.

### 5. Alaska Native Medical Center ("ANMC") and physicians

With respect to **ANMC,** which is a federally funded health center, when alleged events occur at a federally funded healthcare facility, the proper defendant in such a case is the United States of America under the Federal Torts Claims Act, as discussed above.[52] This also applies to ANMC medical providers individually named by Plaintiff. Because Plaintiff has not provided any indication that she filed an administrative claim that was denied before bringing this suit, the claims against **ANMC** and ANMC providers **Dr. Ferritha Ieonico** and **Clifford Wilson** also must be dismissed.[53]

With respect to psychologist **Scott Kotulak,** it is unclear if he was also an ANMC provider. If not, he is subject to dismissal as a private individual as there is no evidence that he is a state actor. Additionally, the only case that names Mr. Kotulak claims

---

[51] Plaintiff claims that she was stalked by an unnamed person in this building. *See* 3:25-cv-00243-RRB, Docket 1 at 3.

[52] *See Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam) ("[T]he United States is the only proper party defendant in an FTCA action."); *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) ("The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States.").

[53] 28 U.S.C. § 2675(a).

relief only for "cruel and unusual punishment,"[54] which is not a viable claim against a health care provider, and therefore is dismissed for failure to state a claim upon which relief can be granted.

### 6. State and state agencies

The State of Alaska and state agencies are not considered "persons" under 42 U.S.C. § 1983.[55] Further, the Eleventh Amendment to the U.S. Constitution protects states and state instrumentalities—the "arms of the state" such as the State's governmental branches, divisions, offices, and departments—from being sued in federal court unless the state has waived its immunity.[56] The State has not waived immunity for civil rights claims alleging violations of the federal Constitution in federal court. Both the Ninth Circuit and the Alaska Supreme Court have held that the **University of Alaska** is an instrumentality of the State of Alaska.[57] Additionally, the **Alaska Court System** is the judicial "arm" of the State of Alaska, established by Article IV of The Constitution of the State of Alaska, and therefore immune from suit. Similarly, **Hiland Mountain Correctional Center** and

---

[54] 3:25-cv-00278-RRB.

[55] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989).

[56] *Doe v. Regents of the Univ. of Calif.*, 891 F.3d 1147, 1153 (9th Cir. 2018); *Alabama v. Pugh*, 348 U.S. 781 (1978).

[57] *See Townsend v. Univ. of Alaska,* 543 F.3d 478, 481 (9th Cir. 2008) ("It is undisputed that the University is an arm of the State of Alaska."). *See also Ellingstad v. State, Dep't of Natural Resources*, 979 P.2d 1000, 1007 (Alaska 1999) ("Alaska law treats the University as a state entity for purposes of sovereign immunity"); *Univ. of Alaska v. Nat'l Aircraft Leasing, Ltd.,* 536 P.2d 121, 124 (Alaska 1975) ("[T]he University must be regarded as uniquely an instrumentality of the state itself.").

*Lewis-Junge v. Nesbitt, et al.*
Order of Dismissal                                                      Page 17 of 32
Case 3:25-cv-00221-RRB     Document 6     Filed 12/05/25     Page 17 of 32

**Anchorage Correctional Center,** as part of the Department of Corrections, are arms of the state and not proper defendants under Section 1983."[58]

Plaintiff's claims against the **Alaska State Troopers**, the **Office of Children's Services** and the **Division of Child Support,** cannot be maintained in federal court because these agencies are also arms of the state, and must be dismissed with prejudice.[59] Moreover, to the extent that Plaintiff seeks to challenge any state court orders regarding child support obligations,[60] "federal district courts may not interfere with ongoing enforcement proceedings in state courts."[61]

### 7. Individual state employees

Whether or not *individual* **state employees, such as OCS workers, probation officers,** or **state troopers**, are immune from suit under § 1983 depends upon the nature of Plaintiff's claims. "Individual Defendants that are state employees and sued in their official capacities are immune under the Eleventh Amendment . . . [b]ut Eleventh-Amendment immunity does not apply to the Individual Defendants in their personal capacities."[62] Accordingly, any § 1983 claim against a specific state trooper or other state employee must be brought against them in their individual capacity.

---

[58] *Genaro v. Dep't of Corr.*, No. 3:20-CV-00246-JMK, 2021 WL 6772969, at *4 (D. Alaska Feb. 4, 2021).

[59] *Humphrey v. Straube*, No. 3:22-CV-00009-JMK, 2023 WL 6378174, at *4 (D. Alaska Sept. 29, 2023) ("Neither party disputes that the State of Alaska, Office of Children's Services, is a state agency.).

[60] In 3:25-cv-00275-RRB, Plaintiff alleges that her PFD was garnished by the Division of Child Support.

[61] *Lane v. Chelsea Gorup*, No. 322CV00132-SLG-KFR, 2022 WL 7504103, at *6 (D. Alaska Oct. 13, 2022).

[62] *Breck v. Doyle*, 796 F. App'x 333, 337 (9th Cir. 2019) (citing *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 166–67, (1985)).

Additionally, qualified immunity offers complete immunity from suit for government officials sued in their individual capacities, as long as their conduct does not violate clearly established rights of which a reasonable person would have known.[63] It shields an officer from personal liability when that officer "reasonably believes that his or her conduct complies with the law."[64] That is, even if the officer's conduct is in fact "constitutionally deficient," qualified immunity protects him from suit if he "reasonably misapprehends the law governing the circumstances [he] confronted."[65] It operates to protect all but the plainly incompetent or those who knowingly violate the law.[66]

As currently pled, Plaintiff has failed to state a claim upon which relief can be granted against any state employee for reasons discussed elsewhere in this Order.

### 8. Municipality and individual municipal employees

A municipality, such as the Municipality of Anchorage, is a "person" for purposes of § 1983 and may be sued.[67] Plaintiff alleges claims against the **Anchorage School District** ("ASD"), the **Anchorage Police Department** ("APD"), and various individual APD officers. ASD is an arm of the Municipality,[68] as is APD. But the proper defendant would be the municipality of Anchorage, not ASD or APD. And a municipality may not be sued under § 1983 solely because an injury was inflicted by one of its

---

[63] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).
[64] *Pearson*, 555 U.S. at 244.
[65] *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).
[66] *Stanton v. Sims*, 571 U.S. 3, 5 (2013).
[67] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).
[68] "[U]nder Alaska law the School District is an arm of the municipality," not an arm of the state. *Holz v. Nenana City Pub. Sch. Dist.*, 347 F.3d 1176, 1189 n.5 (9th Cir. 2003).

*Lewis-Junge v. Nesbitt, et al.*
Order of Dismissal
Page 19 of 32
Case 3:25-cv-00221-RRB    Document 6    Filed 12/05/25    Page 19 of 32

employees, including its police officers.[69]  To state a claim against a municipality under § 1983, a plaintiff must allege facts that, if proven, would establish that her constitutional rights were violated pursuant to a "policy or custom of the municipality."[70]  Thus, a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury.[71]

## B.    Improper Claims

Claims brought by a plaintiff in a § 1983 case must allege a violation of either a right guaranteed by the Constitution or an enforceable right created by a federal statute. The majority of Plaintiff's claims do not meet either description.

### 1.    Criminal claims

Plaintiff alleges kidnapping, sexual assault, harassment, stalking, forced abortion, bank fraud, impersonating a federal officer, and other crimes, none of which can proceed in a federal civil case.  Criminal statutes—such as Title 18 of the United States Code and Title 11 of the Alaska Statutes—set forth criminal offenses and penalties enforceable by government prosecutors and typically do not create private rights of

---

[69] *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006).
[70] *Cortez v. County of Los Angeles,* 294 F.3d 1186, 1188 (9th Cir. 2001) (citing *Monell,* 436 U.S. at 690–91).
[71] *Sadoski v. Mosley,* 435 F.3d 1076, 1080 (9th Cir.2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

*Lewis-Junge v. Nesbitt, et al.*
Order of Dismissal                                                                                          Page 20 of 32
Case 3:25-cv-00221-RRB     Document 6     Filed 12/05/25     Page 20 of 32

action.[72] The Court does not have the power to criminally prosecute any individual or to issue an order for the arrest of an individual based on Plaintiff's request.[73]

Additionally, Plaintiff cannot pursue monetary damages against any defendant as a result for an alleged violation of a federal or state criminal statute, unless the conduct at issue also violates a federally protected or constitutional right that provides an independent basis for civil liability.[74] "[P]rivate rights of action to enforce federal law must be created by Congress," and the Court must "interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy."[75] Plaintiff's claims under **18 U.S.C. §§ 3, 641, 1201–02, 1203, and 1519** allege violations of Federal criminal statutes that do <u>not</u> provide for private rights of action.

Moreover, while the Computer Fraud and Abuse Act (**18 U.S.C. § 1030**) provides for a private right of action as to "fraud and related activity in connection with computers," the allegations found in this Complaint do not describe computer fraud and abuse in violation of §1030.[76] In contrast, **18 U.S.C. § 1038**, addressing "False information and hoaxes," provides a private right of action for parties incurring expenses incident to

---

[72] *See Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980) (explaining that criminal provisions of Title 18 of the U.S. Code "provide no basis for civil liability" because they are prosecuted by the government in the name of the United States).

[73] *See Latronica v. Merrill Lynch*, 2016 WL 6967586, at *3 (E.D. Cal. 2016), report and recommendation adopted sub nom. *Latronica v. Lynch*, 2016 WL 10654059 (E.D. Cal. 2016).

[74] *Allen v. Gold Country Casino,* 464 F.3d 1044, 1048 (9th Cir. 2006) (dismissing claims based on criminal statutes that do not give rise to civil liability).

[75] *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).

[76] *See* Case No. 3:25-cv-00202-RRB, Docket 1 at 4. This Complaint, like all of Plaintiff's Complaints, alleges stalking, hypnosis, deep fake audio, sexual and mental harassment, kidnapping, ransom, a forced wedding, robbery, and assault.

"any emergency or investigative response" to false information or a hoax. However, plaintiffs are typically a "state or local government, or private not-for-profit organization that provides fire or rescue service incurring expenses incident to any emergency or investigative response."[77] Plaintiff is not a party incurring expenses under § 1038. And finally, although the **False Claims Act, (31 U.S.C. § 3729 *et seq*.)** specifically "enables private parties to bring civil actions on the Government's behalf, and to share in any monetary recovery,"[78] Plaintiff presents no cognizable claim of any false or fraudulent claims for payment against the Government.[79]

All claims pursuant to the aforementioned federal statutes are dismissed.

2. **Constitutional claims**

Constitutional rights generally arise from the first ten amendments of the United States Constitution, known as the Bill of Rights. Examples include freedom of speech (First Amendment), right to be free of unreasonable search and seizure (Fourth Amendment), and speedy trial (Sixth Amendment). Not every wrong that may be committed against a person qualifies as a "Constitutional Right."

The following are some, but not all, examples of Plaintiff's claims that do not qualify as constitutional rights, and are not enforceable rights created by federal statute:

---

[77] 18 U.S.C. §1038(c)(1).

[78] *Wisconsin Bell, Inc. v. United States ex rel. Heath*, 604 U.S. 140, 145, 145 S. Ct. 498, 503, 221 L. Ed. 2d 24 (2025).

[79] *See* Case No. 3:25-cv-00201-RRB, Docket 1, alleges kidnapping, hypnosis, deep fake audio, "framing," stalking, false arrest, etc.

To have "a fair hearing with no technology"; To be "healthy without malpractice"; To have "a proper investigation"; Not to be "stalked for benefits"; To "travel safely"; To "learn freely without disruption"; Not to be "forced into things I don't like"; Not to be "harassed by malpractice"; Not to be "framed with technology"; Right to have a mental health provider without "strange intentions"; Freedom from being "blamed for someone else's delusions"; Freedom "to be a woman" and "to have a child"; Freedom to "have a fair probation officer"; and Freedom from "being around kleptomania." **All such claims are dismissed with prejudice.**

### 3. Supplemental state claims

Although Plaintiff cites to various state criminal statutes alleging "robbery" or "criminal use of computer," any civil claims grounded in state law typically are addressed in state court. A state law claim for assault, for example, may only proceed in federal court if the claim is supplemental to a cognizable federal claim,[80] or if the Court has diversity jurisdiction over the case.[81] Here, there is no diversity jurisdiction. Moreover, Plaintiff has brought many of her allegations concurrently in state court. Plaintiff must allege cognizable federal claims before this Court can exercise supplemental jurisdiction over any state tort allegations.

---

[80] A federal court can exercise supplemental jurisdiction over state law claims that arise out of the same transaction or occurrence as the claims set forth in the original complaint. *See* 28 U.S.C. § 1367.

[81] A federal court has diversity jurisdiction over actions between citizens of different states involving an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a).

*Lewis-Junge v. Nesbitt, et al.*
Order of Dismissal
Page 23 of 32
Case 3:25-cv-00221-RRB    Document 6    Filed 12/05/25    Page 23 of 32

### 4.     Eighth Amendment (cruel and unusual punishment) claims

The majority of Plaintiff's cases allege "cruel and unusual punishment." The Cruel and Unusual Clause of the Eighth Amendment applies only to convicted prisoners. Plaintiff can allege cruel and unusual punishment only for those instances that occurred while she was incarcerated, and only against the individuals responsible.[82] If Plaintiff was a pretrial detainee during the alleged events giving rise to her claims, they must be brought under the Fourteenth Amendment's Due Process Clause.[83]

To state a claim under the Eighth Amendment, prisoners must show that they are "incarcerated under conditions posing a substantial risk of serious harm," or that they have been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions.[84] For a claim based on a failure to prevent harm, "the inmate must show that [s]he is incarcerated under conditions posing a substantial risk of serious harm."[85] The Eighth Amendment places restraints on prison officials who may not, for example, use excessive physical force against prisoners. The Amendment also imposes duties on these officials who must provide humane conditions of confinement.

---

[82] The Court takes judicial notice of Plaintiff's periodic incarceration at Hiland Mountain Correctional Center and Anchorage Correctional Center between 2015 and 2024. However, as discussed above, a correctional center is not an appropriate defendant under § 1983.
[83] *Kingsley v. Hendrickson*, 576 U.S. 389 (2015).
[84] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).
[85] *Id.*

## C.    Statute of Limitations

A statute of limitations is a law that limits the time a plaintiff has to file a complaint based on the date when the claim(s) accrued.[86]  A federal claim accrues when the plaintiff knows, or should know, of the injury on which the cause of action is based.[87]  A claim ordinarily accrues on the date of the injury.[88]  Because § 1983 does not contain its own statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions.[89]  In Alaska, the statute of limitations for personal injury claims is two years.[90]

"Statutes of limitations require plaintiffs to pursue diligent prosecution of known claims," and serve to "protect defendants against stale or unduly delayed claims."[91]  They also "ensure that claims are filed before essential evidence disappears."[92]  Therefore, if a claim is not filed within the applicable statute of limitations, dismissal is proper, including when a plaintiff is self-represented.[93]

---

[86] *Statute Of Limitations*, BLACK'S LAW DICTIONARY (12th ed. 2024); *see also Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) ("'[A]ccrual occurs when the plaintiff has a complete and present cause of action, . . . that is, when the plaintiff can file suit and obtain relief.'").

[87] *Pouncil v. Tilton,* 704 F.3d 568, 573 (9th Cir. 2012) (stating that "[f]ederal law determines when a cause of action for a Section 1983 claim accrues and, hence, when the statute of limitations begins to run"); *see also Wallace v. Kato,* 549 U.S. 384, 388 (2007) (noting that "the accrual date of a § 1983 cause of action is a question of federal law").

[88] *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (quoting *Kimes v. Stone,* 84 F.3d 1121, 1128 (9th Cir.1996)).

[89] *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014).

[90] Alaska Stat. § 09.10.070.

[91] *Smith v. Davis*, 953 F.3d 582, 591 (9th Cir.), *cert. denied*, 141 S. Ct. 878 (2020) (internal citations omitted).

[92] *Belanus v. Clark*, 796 F.3d 1021, 1027 (9th Cir. 2015).

[93] *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 766, 769 (Alaska 2019) (dismissing self-represented plaintiff's complaint for failure to bring tort claim within two years of cause of action's accrual).

*Lewis-Junge v. Nesbitt, et al.*
Order of Dismissal                                                                                                   Page 25 of 32
Case 3:25-cv-00221-RRB    Document 6    Filed 12/05/25    Page 25 of 32

Most of Plaintiff's claims accrued more than two years prior to the filing of her Complaints. However, Alaska law allows equitable tolling in various circumstances. The statute of limitations may be tolled if the plaintiff is incompetent by reason of mental illness or mental disability at the time the cause of action accrues.[94] The "general test" for mental incompetency is "whether a person could know or understand his legal rights sufficiently well to manage his personal affairs."[95] "[T]his test does not measure whether a litigant *did* understand his or her legal rights, but whether he or she is *capable* of understanding them."[96] Courts have denied tolling when a plaintiff's actions, such as seeking legal representation and filing lawsuits, demonstrate an ability to manage their affairs or pursue legal claims despite their mental condition.[97]

The Alaska Supreme Court also has acknowledged that some jurisdictions will equitably toll a plaintiff's claims where "extraordinary circumstances" outside the plaintiff's control make it impossible for the plaintiff to timely assert a claim, noting that "[w]e have *neither accepted nor rejected* this theory of tolling."[98] However, even if a court were to recognize equitable tolling for extraordinary circumstances, courts will only allow tolling if the conditions made filing impossible, not just difficult. Alaska courts have found

---

[94] Alaska Stat. § 09.10.140(a). Federal courts also apply a forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law. *See Hardin v. Straub,* 490 U.S. 536, 537–39 (1989).

[95] *Cikan v. ARCO Alaska, Inc.,* 125 P.3d 335, 340 (Alaska 2005) (quoting *Adkins v. Nabors Alaska Drilling, Inc.,* 609 P.2d 15, 23 (Alaska 1980)).

[96] *Richardson v. Municipality of Anchorage,* 360 P.3d 79, 87 (Alaska 2015) (emphasis in original).

[97] *See, e.g., Blake J. v. State,* 554 P.3d 430 (Alaska 2024).

[98] *Richardson,* 360 P.3d at 87 (emphasis in original).

even major life stressors—such as illness, homelessness, or imprisonment—insufficient to justify tolling.[99]

## IV.   CONCLUSION

### A.   Decision and Order of Dismissal

Plaintiff has filed 63 complaints that are all based on similar allegations.   But "[p]leading is not like playing darts:  a plaintiff can't keep throwing claims at the board until she gets one that hits the mark."[100]   Although Plaintiff alleges violations of federal constitutional rights, including freedom of speech and freedom from cruel and unusual punishment, and violations of various state criminal statutes, she has not described an injury-in-fact or alleged an affirmative link between any specific injury and the conduct of any individual defendant.   Once the Court has dismissed all of the non-viable claims, and omits improper defendants, only a handful of cases remain.   Out of those cases, the Court can discern three recurring scenarios.

First, Plaintiff has issues with officers at Hiland Mountain Correctional Center, suggesting "horrible jail conditions," and "cruel and unusual punishment."   The Court will allow Plaintiff the opportunity to amend her Complaint in **Case No. 3:25-cv-0020-RRB** to bring any claims associated with her incarceration at Hiland Mountain.

---

[99] *Id.* (finding claims of mental health issues, lockdowns, or homelessness insufficient to toll the statute of limitations).  *See also Kaiser v. Umialik* (finding divorce, jail, and illness did not justify tolling under Alaska's equitable doctrine).

[100] *R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1124 (9th Cir. 2011) (citation, internal brackets and quotations omitted).

Plaintiff must specifically state whether she was a pretrial detainee or a convicted prisoner at the time of the alleged events giving rise to her claim.

Second, Plaintiff has issues with various employees at the Office of Children's Services. Although it is unclear whether Plaintiff can articulate any viable claims, the Court will allow her to amend her Complaint in **Case No. 3:25-cv-00202-RRB** to allege any claims associated with OCS employees.

Third, although the Court suspects that cases involving actions taken while Plaintiff was in high school will be precluded by the statute of limitations, the Court will allow Plaintiff to amend her Complaint in **Case No. 3:25-cv-00210-RRB.** The remaining 60 cases are dismissed with prejudice, and no further filings will be accepted in those cases.

## B. Filing Amended Complaint(s)

An amended complaint replaces the prior complaint in its entirety.[101] Any claim not included in the amended complaint will be considered waived. A complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[102] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Although Plaintiff is being given an opportunity to file an amended complaint, she must not expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants that have been dismissed or for which Plaintiff lacks a sufficient legal or factual basis.

---

[101] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.
[102] Fed. Rule Civ. Proc. 8(a)(2).

*Lewis-Junge v. Nesbitt, et al.*
Order of Dismissal                                                          Page 28 of 32
Case 3:25-cv-00221-RRB    Document 6    Filed 12/05/25    Page 28 of 32

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[103] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff files any amended complaints, the Court will screen each amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should the amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form within 60 days of the date of this order, each case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff for failure to state a claim.

---

[103] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

*Lewis-Junge v. Nesbitt, et al.*
Order of Dismissal
Page 29 of 32
Case 3:25-cv-00221-RRB    Document 6    Filed 12/05/25    Page 29 of 32

**IT IS THEREFORE ORDERED:**

1.     Plaintiff's Complaint *in each above-captioned case* is DISMISSED.

2.     Plaintiff is accorded leave to amend in only Case Nos. **3:25-cv-00201-RRB, 3:25-cv-00202-RRB, and 3:25-cv-00210-RRB**.

3.     ALL OTHER CASES are **DISMISSED with prejudice**.  All pending motions in each of those cases are **DENIED as moot**.  The Clerk of Court shall issue a final judgment and close each case.

4.     In Case Nos. **3:25-cv-00201-RRB, 3:25-cv-00202-RRB, and 3:25-cv-00210-RRB only**, Plaintiff is accorded **60 days** from the date of this order to file either:

     a.     <u>First Amended Complaint</u>, in which Plaintiff revises her complaint to address the deficiencies identified in this order.  An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

     b.     <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

5.     If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form within 60 days of the date of this order, each case shall be dismissed without further notice to Plaintiff for failure to state a claim.

6.     Plaintiff's applications to waive payment of the filing fee in Case Nos. 3:25-cv-00201-RRB, 3:25-cv-00202-RRB, and 3:25-cv-00210-RRB are **GRANTED.**

7.     Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court

orders.[104] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

8.    Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

9.    At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[105] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

10.    With this order, the Clerk is directed to send **three copies each** of: (1) form PS15, with "FIRST AMENDED" written above the title "Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

---

[104] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[105] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

*Lewis-Junge v. Nesbitt, et al.*
Order of Dismissal                                                                        Page 31 of 32
Case 3:25-cv-00221-RRB    Document 6    Filed 12/05/25    Page 31 of 32

IT IS SO ORDERED this 5th day of December, 2025, at Anchorage, Alaska.


_____
*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

*Lewis-Junge v. Nesbitt, et al.*
Order of Dismissal
Page 32 of 32
Case 3:25-cv-00221-RRB    Document 6    Filed 12/05/25    Page 32 of 32